UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis Tyrone Hamilton, | ) | C/A No. 9:11-02644-MBS-BM |
| Plaintiff, | ) | |
| vs. | ) | |
| State of South Carolina, | ) | Report and Recommendation |
| Defendant. | ) | |

Dennis Tyrone Hamilton (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Al Cannon Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names the State of South Carolina as the sole Defendant.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A[1]; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



Even when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

### Background

Plaintiff alleges that he has been wrongfully incarcerated and provides the following facts to support his claim: "At a party there was a fight of about thirty or forty people and a statement made that they think I may have stabbed someone, and the victim states he dosen't [sic] know how or who, all this happen 6/13/2010." The Complaint does not request any type of relief.

### Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the sole Defendant in this action, the State of South Carolina, is protected from suit by the Eleventh Amendment, which forbids a federal court from rendering a



judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies.[2] *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Alabama v. Pugh*, 438 U. S. 781 (1978).

Additionally, Plaintiff provides no facts to demonstrate that he has been wrongfully incarcerated. Although the Court must liberally construe a *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims

---

[2] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, while a State may consent to a suit in a federal district court, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).



from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Finally, it is noted that Plaintiff has failed to request any relief or suggest to this Court any remedy for the alleged violations. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Pressley Ridge Schools v. Shimer*, 134 F.3d 1218, 1220 (4th Cir. 1998). As Plaintiff fails to name a defendant amenable to suit under § 1983, fails to provide sufficient facts to state a cognizable claim under §1983, and fails to request any type of relief, the Complaint is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without* prejudice.

_____
Bristow Marchant
United States Magistrate Judge

October 13, 2011
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

